IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH KENNEN,

        Plaintiff,

v.                                          Civil Action No. 5:04CV131
                                                                (STAMP)
WHEELING HOSPITAL, INC.,
a corporation,

        Defendant.


                    **MEMORANDUM OPINION AND ORDER**
             **GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

                        I.  Procedural History

        The plaintiff, Elizabeth Kennen ("Kennen"), filed this civil action on or about October 28, 2004 in the Circuit Court of Ohio County, West Virginia alleging retaliatory discharge, employee manual and handbook claims, wage and hour violations, and the tort of outrage.  On November 22, 2004, defendant, Wheeling Hospital, Inc. ("Wheeling Hospital"), removed the case to this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1441(a).  On November 29, 2005, defendant filed a motion for summary judgment.  Plaintiff has not filed a response to defendant's motion for summary judgment.

        Pursuant to Custer v. Pan Am Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993), this Court still must review the summary judgment motion "and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  This Court has now carefully considered the motion for summary judgment filed by the defendant.  This Court concludes that the motion for

summary judgment should be granted as to all counts of plaintiff's complaint.

II. Facts

Plaintiff worked as a full-time hourly employee of Wheeling Hospital as a secretary in the Center for Wound Care Department. At Wheeling Hospital, hourly employees must record their time through a time and attendance system. The time and attendance system consists of a machine that records the date and time when an employee clocks in or out. To use the machine, the employee must insert his or her photo identification card.

Defendant asserts that plaintiff improperly clocked-in on or about October 24, 2002. On the day in question, plaintiff clocked-in at the emergency room, parked her car and then went to work. The plaintiff asserts that this is not theft of time because she has donated hours of her time to Wheeling Hospital over an 18-year period. (Def.'s Ex. A at 11.) The plaintiff was requested to attend a meeting with Wheeling Hospital administrator, Chris Koch, and Wheeling Hospital official, Dan McGee. During the meeting, Ms. Koch accused the plaintiff of "theft of time." (Def.'s Ex. A at 8.) The plaintiff agreed that she went to the emergency room and punched in before parking her car. Wheeling Hospital notified the plaintiff of her termination for "improper use of a time and attendance system." (Def.'s Mot. for Summ. J. at 3.)

In her complaint, plaintiff seeks compensatory damages for all economic losses sustained as a result of the allegedly unlawful

2

actions of the defendant and for humiliation, embarrassment, degradation, emotional and mental distress, anxiety, annoyance, and inconvenience suffered. Plaintiff also seeks punitive damages, prejudgment interest, attorney's fees and costs and any other relief this Court deems appropriate. Defendant argues in support of its motion for summary judgment that the plaintiff has failed to demonstrate a factual dispute in this case or provide <u>prima facia</u> evidence to satisfy her burden of proof. Since the plaintiff has not responded to defendant's motion for summary judgment, this Court must view defendant's statement of facts as being uncontested by the plaintiff.

### III. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)). However, as the

3

United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all

inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In a summary judgment motion, the moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact. The burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Commissioners, 945 F.2d 716, 718 (4th Cir. 1991)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-8 (1986)). Defendant has set forth sufficient evidence to show that there is no genuine issue of material fact.

Plaintiff alleges in her complaint that she was subject to retaliatory discharge because she exercised her right to clock in and out of work. Plaintiff contends that she should not have been terminated because her employee manual or handbook provided a specific procedure for grievances and defendant failed to adhere to these procedures. In doing so, plaintiff claims Wheeling Hospital breached an implied and/or express contract with the plaintiff. Plaintiff also asserts that Wheeling Hospital failed to comply with federal and state wage and hour regulations. Finally, plaintiff claims that all of these allegations, taken as a whole, constitute the tort of outrage. However, plaintiff has not submitted any evidence in support of the contentions in her complaint.

5

Wheeling Hospital argues that this case should be summarily dismissed because the plaintiff cannot establish a <u>prima facie</u> case of: (1) retaliatory discharge; (2) employee manual or handbook claims; (3) wage and hour violations; and/or (4) the tort of outrage. In its motion for summary judgment, Wheeling Hospital also requests attorney's fees and costs associated with its defense of this case.

A. <u>Retaliatory Discharge</u>

In order to establish a <u>prima facie</u> case of retaliation, the plaintiff, Kennen, must prove that: (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. <u>Laughlin v. Metro. Washington Airports</u>, 149 F.3d 253, 258 (4th Cir. 1998).

> Protected activities fall into two distinct categories: participation or opposition. <u>See</u> 42 U.S.C. § 2000e-3(a) (West 1994). An employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in the workplace.

<u>Id.</u> at 259. "To qualify as opposition activity an employee need not engage in the formal process of adjudicating a discrimination claim. Opposition activity encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." <u>Id.</u>

"Adverse employment actions include any retaliatory act or harassment if that act or harassment results in an adverse effect on the terms, conditions, or benefits of employment." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).

The elements of retaliation under the West Virginia Human Rights Act are substantially similar to the elements of retaliation under Title VII. A plaintiff must demonstrate: (1) that she engaged in protected activity; (2) that her employer was aware of the protected activities; (3) that she was subsequently discharged; and, absent other evidence tending to establish a retaliatory motivation, and (4) that her discharge followed her protected activities within such period of time that the court can infer retaliatory motivation. Frank's Shoe Store v. West Virginia Human Rights Comm'n, 179 W. Va. 53, 61 (1986).

The plaintiff claims that she was terminated in retaliation because she was "exercising her rights in the work place to clock in and out of work . . . ." (Compl. ¶ 9). Plaintiff asserts that discharging her for exercising her right to clock in and out of work contravenes a strong public policy of West Virginia. Plaintiff does not cite any authority to uphold this assertion. Defendant argues that there are no federal or state statutory provisions conferring a right upon an employee to clock in and out at their own discretion while at their workplace.

This Court finds that plaintiff has failed to establish a prima facie case of retaliation because plaintiff cannot meet the

first prong, that she engaged in a protected activity. The plaintiff has failed to provide any evidence that clocking in and out of work is a protected activity. The ability to clock in and out of work is not a protected activity because it is not a participation in an ongoing investigation or an opposition to a discriminatory practice in the workplace. In her complaint, plaintiff argues that being discharged for exercising her right to clock in and out contravenes a strong public policy in West Virginia. This Court finds that there is no such public policy recognized in West Virginia. See W. Va. Code § 5-11-1, et seq. (1981). Plaintiff was not opposing a discriminatory practice in the workplace nor was she participating in an ongoing investigation.

Further, plaintiff has not provided any evidence that she was wrongfully discharged. Instead, plaintiff was terminated for violating the company's time keeping policy. Plaintiff admitted that she violated the company's time keeping policy and afterwards was terminated. (Def.'s Ex. A at 11-12.) Plaintiff did not provide any evidence that she was engaged in a protected activity. Thus, plaintiff fails to meet the first prong to establish a prima facie claim of retaliatory discharge. The claim for retaliatory discharge fails on the first element and this Court does not need to further conduct an analysis.

B.  <u>Breach of Contract</u>

West Virginia is an "at-will" jurisdiction in the "realm of employee-employer relationships." <u>Wright v. Standard Ultramarine & Color Co.</u>, 90 S.E.2d 459 (W. Va. 1955). An "at-will" employee may be terminated with or without cause, at the will of either the employer or the employee. <u>Id.</u> Under certain circumstances, "[a]n employee handbook may form the basis of a unilateral contract if there is a definite promise therein by the employer not to discharge covered employees except for specified reasons." <u>Cook v. Heck's, Inc.</u>, 342 S.E.2d 453, 454 (W. Va. 1986). However, when an employment relationship is "unaffected by a contractual or statutory provision to the contrary," the employee is considered an at-will employee and may be terminated at any time, with or without cause. <u>Id.</u> (citing <u>Bell v. South Penn Natural Gas Co.</u>, 62 S.E.2d 285, 288 (W. Va. 1950)).

The plaintiff asserts in her complaint that she had received various manuals or employee handbooks that provided for specific procedures for discharging an employee. The plaintiff further claims that she relied on the representation of these manuals, which created an implied and/or express contract with the plaintiff. Plaintiff asserts that defendant did not follow the procedures in the manual for terminating her employment. Plaintiff then asserts that the defendant breached an implied contract, an express contract, or both. The defendant argues that the plaintiff is an at-will employee because the plaintiff has not provided any

9

evidence that one or more procedures in the manual modified her status as an at-will employee.

The plaintiff has failed to provide any evidence of a provision or procedure that she believes modified her status as an at-will employee. The plaintiff has failed to provide any basis for a contractual relationship through any promise in the employee handbook. This Court finds that none exists from the evidence provided and that, therefore, plaintiff must be classified as an at-will employee. See Cook, 342 S.E.2d at 457. Thus, plaintiff's claim of breach of contract cannot withstand defendant's motion for summary judgement.

C. <u>Wage and Hour Regulations</u>

In her complaint, Kennen asserts that Wheeling Hospital failed to comply with "certain Federal and West Virginia laws and regulations governing wage and hours." (Compl. ¶ 17.) Specifically, plaintiff argues that her clocking in and out of work was a wage and hour violation. Plaintiff fails to provide any support of a violation of law or public policy regarding her termination. Defendant argues that the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., does not "produce any favorable statutes or regulations upon which Plaintiff can base her claim." (Def.'s Mot. for Summ. J. at 11.)

There are not any rules or regulations that allow an employee to clock in and out of work at his or her own discretion. The plaintiff does not provide any evidence to the contrary. Thus,

10

plaintiff fails to establish a genuine issue of material fact that Wheeling Hospital violated any federal or West Virginia laws governing wage or hour laws or regulations by terminating the plaintiff for her improper use of the attendance system.

D. <u>Tort of Outrage</u>

In West Virginia, the plaintiff must prove four elements to prevail on a claim of intentional infliction of emotional distress (also known as the tort of outrage). In order to establish a claim for intentional infliction of emotional distress under West Virginia law, the plaintiff must show that: (1) the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) the defendant acted with intent to inflict emotional distress, or acted recklessly and were substantially certain that emotional distress would result in their conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure. <u>Travis v. Alcon Laboratories, Inc.</u>, 504 S.E.2d 419, 425 (W. Va. 1998).

This Court begins and ends its analysis with the first required element: extreme and outrageous conduct. The West Virginia Supreme Court of Appeals has adopted the definition of "extreme and outrageous conduct" found in the Restatement (Second) of Torts. Restatement (Second) of Torts § 46 states that extreme and outrageous conduct can only be found "where the conduct has

been so outrageous in character, and extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Generally, the case must be one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "outrageous!" Restatement (Second) of Torts § 46 (1965).

Plaintiff argues that the wrongful employment actions taken against her were done in an outrageous manner to an extent that was so extreme as to be intolerable in a civilized society. (Compl. ¶ 20.) Plaintiff further contends that this outrageous behavior caused her to suffer damages of annoyance, inconvenience, humiliation, embarrassment, and emotional distress and other damages. Defendant argues that plaintiff has failed to provide a factual basis to support her claims that firing an employee for clocking in and then leaving is extreme and outrageous conduct.

The facts of this case, as alleged by the plaintiff only in her complaint and outlined above, do not permit any rational conclusion that the defendant's conduct has been so outrageous, extreme, atrocious or utterly intolerable in a civilized society. The defendant terminated the plaintiff for inaccurately recording her time. Specifically, the plaintiff clocked in at the entrance and then went to park her car before entering the workplace. By acting in this manner, she was paid for time that she had not worked. Further, plaintiff was questioned by two supervisors,

12

Chris Koch and Dan McGee, and admitted to them that she had violated the attendance system. The plaintiff was terminated only after admitting to this violation after being given a chance to rebut the allegation. Plaintiff did not rebut the allegation that she violated Wheeling Hospital's time and attendance policy at the meeting on or about October 24, 2002, in her depositions or in her complaint. Plaintiff also did not respond to defendant's motion for summary judgment.

The plaintiff does not provide any further evidence regarding her claim of outrageous behavior on the part of Wheeling Hospital. This Court finds that Wheeling Hospital acted rationally under the circumstances. Thus, the claim for intentional infliction of emotional distress fails on the first element, and this Court's analysis does not need to go any further.

## V. Conclusion

Because the defendant has set forth sufficient evidence to demonstrate to this Court that there is an absence of a genuine issue of material fact with respect to each of the plaintiff's claims: retaliatory discharge; employee manual or handbook claims; wage and hour violations; and the tort of outrage, and because the plaintiff, by failing to respond to defendant's motion for summary judgment, has not come forward with facts sufficient to create a genuine issue of material fact, the defendant's motion for summary judgment is hereby GRANTED pursuant to Rule 56(e). Accordingly,

13

this action is DISMISSED and STRICKEN from the docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 4, 2006

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE